# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

ROBERT MORRIS,

      Plaintiff,

v.                                                      CASE NO. 2:09-CV-595-FtM-36SPC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Report and Recommendation submitted by United States Magistrate Judge Sheri Chappell, on April 29, 2011 (Dkt. 38). The Magistrate Judge recommends that the Court grant Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b) (Dkt. 32) in the amount of $7,949.21. Further, the Magistrate Judge recommends that the Court grant Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) ("EAJA") (Dkt. 34) in the amount of $946.94. Because Plaintiff's Counsel has been granted the EAJA fees in the amount of $946.94, the Magistrate Judge recommends that the Court direct the Commissioner to deduct that amount from the award of $7,949.21 granted under Section 406(b), leaving Plaintiff's Counsel to receive attorney's fees in the amount of $7,002.27. On May 13, 2011, Defendant filed an objection to the Report and Recommendation (Dkt. 39). Plaintiff filed a response to the objection on May 27, 2011 (Dkt. 40).

Defendant objects to the requirement that the Commissioner deduct the total amount of EAJA fees from Plaintiff's Counsel's Section 406(b) award without consideration of whether

Plaintiff owes a debt to the Federal Government (Dkt. 39, p. 1).  Defendant relies on *Astrue v. Ratliff*, — U.S. —, 130 S. Ct. 2521, 2524 (2010), noting that the Supreme Court held that an award of EAJA fees belongs to Plaintiff, not Plaintiff's attorney and is therefore, subject to an offset to satisfy any pre-existing debt owed by Plaintiff to the Government.  *Id*. at pp. 1-2.  Additionally, Defendant notes that although Plaintiff's motion for EAJA fees included an agreement signed by Plaintiff that purports to assign any EAJA fees to his attorney (Dkt. 34, Ex. 1, p. 3), this agreement is not an effective assignment of a claim against the Government under the Anti-Assignment Act, 31 U.S.C. §3727.  *Id*. at p. 2.

In opposition, Plaintiff contends that the Commissioner waived any defects that may have existed in the assignment of Plaintiff's EAJA fees to Plaintiff's Counsel by waiting until after the Court's Report and Recommendation was submitted (Dkt. 40, p. 2).  Plaintiff further notes that although EAJA fees belong to a plaintiff, they can be issued directly to Plaintiff's Counsel.  *Id*. (citing *Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) and *Brunson v. Commissioner*, No. 3:09-CV-984-J-MCR, 2011 U.S. Dist. LEXIS 55641, at *5 (M.D. Fla. May 16, 2011)).  Plaintiff also emphasizes that as of the date of filing the petition, she was informed by the Government that she did not owe any debts to the Government.  *Id*. at p. 4, Ex. B.  As such, the awarded EAJA fees may be assigned to Plaintiff's Counsel and deducted from the award of attorney's fees.

The Supreme Court explicitly held that "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Ratliff*, 130 S. Ct. at 2527.  The Supreme Court also noted the Government's practice of paying EAJA fees directly to attorneys in cases where the prevailing party did not owe a debt to the Government.  *Id*. at 2528-29.  "As the

Government explains, it most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney . . . ." *Id.*; *see Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1354 (M.D. Fla. 2011)(same).

Plaintiff's Counsel has requested that any awarded EAJA fees be paid directly to her, rather than to Plaintiff, based on an assignment (Dkt. 34, Ex. A). However, this payment is only on the condition that Plaintiff does not owe any debts to the Government. *Id.* In light of *Ratliff*, the Middle District of Florida has consistently found that the best practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. *See Caylor*, 769 F. Supp. 2d at 1354.[1] The record does not demonstrate whether Plaintiff owes a debt to the Government that may be satisfied, in whole or in part, from the EAJA fees award, and it is not the duty of the Court to make this determination.[2] The Court, therefore, finds that an award of fees against the Government belongs to Plaintiff.

---

[1] *See also Gibson v. Comm'r of Soc. Sec.*, No. 2:10-cv-44-FtM-29SPC, 2011 WL 2218348, at *4 (M.D. Fla. June 7, 2011)("The Court finds that an award of fees against the government belongs to plaintiff. Plaintiff may assign his interest in the attorney fees in compliance with the Assignment of Claims Act."); *Riggins v. Astrue*, No. 3:09-cv-856-J-TEM, 2011 WL 2119338, at *4 (M.D. Fla. May 27, 2011)(awarding EAJA fees directly to Plaintiff as the prevailing party and remaining silent regarding the direction of payment of those fees); *Engram v. Astrue*, No. 3:09-cv-540-J-TEM, 2011 WL 250646, at *2 (M.D. Fla. Jan. 26, 2011)(same); *Seal v. Astrue*, No. 3:09-cv-670-J-TEM, 2011 WL 252943, at *2 (M.D. Fla. Jan. 26, 2011)(same); *Somogy v. Astrue*, No. 3:08-cv-269-J-TEM, 2011 WL 250575, at *9 (M.D. Fla. Jan. 25, 2011)(same).

[2] Plaintiff submitted an affidavit from an employee of Avard Law Offices, P.A. (Dkt. 40, Ex. B). On May 27, 2011, the employee contacted "the Government by telephone" with an inquiry regarding whether Robert Morris, Plaintiff, owed any debts to the Government. *Id.* Upon entering the Social Security number of Mr. Morris, the automated message informed the employee that there were no debts owed. *Id.* This information, however, is inadmissible hearsay because it is offered for the truth of the matter asserted, namely that Plaintiff does not owe the Government any debt. *See* Fed. R. Evid. 801, 802.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 38) is **ADOPTED**, **CONFIRMED**, and **APPROVED** to the extent that it recommends an award of attorney's fees under 42 U.S.C. §406(b) in the amount of **$7,949.21** and an award of **$946.94** pursuant to 28 U.S.C. §2412(d).

2. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b) (Dkt. 32) is **GRANTED**.

3. Plaintiff's Unopposed Petition for EAJA Fees (Dkt. 34) is **GRANTED**.

4. Plaintiff is awarded fees in the amount of **$7,949.21** for attorney's fees pursuant to 42 U.S.C. §406(b) and **$946.94** for EAJA attorney fees, for a total award of **$8896.15.** The payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel.

5. The Clerk shall enter a Judgment As To Attorney's Fees, awarding fees to Plaintiff in the total amount of **$8896.15.**

**DONE AND ORDERED** at Ft. Myers, Florida, on January 30, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD